# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 20-1653

MAMADOU NBAYE, a/k/a Amadou Korka Diallo,

      Petitioner,

    v.

MERRICK B. GARLAND, Attorney General,

      Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 23, 2021                    Decided: April 13, 2021

Before WILKINSON and MOTZ, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

John E. Gallagher, Catonsville, Maryland, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, John S. Hogan, Assistant Director, Deiz P. Lefort, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mamadou Nbaye, a native and citizen of Guinea, petitions for review of the May 21, 2020, decision and order of the Board of Immigration Appeals (the Board) dismissing Nbaye's appeal from the Immigration Judge's decision denying his applications for asylum and withholding of removal.[*] After thoroughly reviewing the record, we are satisfied that the evidence does not compel a ruling contrary to any of the administrative factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the denial of relief, *see INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992). Accordingly, we deny Nbaye's petition for review for the reasons stated by the Board in its decision and order adopting and affirming the Immigration Judge's written decision. *In re Nbaye* (B.I.A. May 21, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] The Immigration Judge and the Board also denied Nbaye's request for protection under the Convention Against Torture. Nbaye does not challenge the denial of that request in his opening brief, and he has thus forfeited review of the issue. *See Suarez-Valenzuela v. Holder*, 714 F.3d 241, 248-49 (4th Cir. 2013).